IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAUREN PAULSON,                                    No. 6:13-cv-175-AA
                                                   OPINION AND ORDER
            Plaintiff,

     vs.

OREGON STATE BAR, SUPREME COURT OF
OREGON CHIEF JUSTICE THOMAS BALMER,
and JEFF SHAPIRO,

            Defendants.
_____

Lauren Paulson
PO Box 2236
Newport, Oregon 97365
     Plaintiff Pro Se

Ellen F. Rosenblum
Attorney General
Marc Abrams
Senior Assistant Attorney General
Department of Justice
1515 SW Fifth Ave, Suite 410
Portland, Oregon 97201
     Attorneys for defendant Chief Justice Thomas Balmer

AIKEN, Chief Judge:

Page 1 - OPINION AND ORDER

Defendant Balmer filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). That motion is granted and defendant Balmer is dismissed from this lawsuit.

## BACKGROUND

Plaintiff was disbarred by the Oregon Supreme Court nearly four years ago on November 2, 2009. See http://www.osbar.org/members/membersearch_display.asp?b=732329.; and In re Paulson, 346 Or. 676, 678, 216 P.3d 859 (2009). Plaintiff argues that his disbarment was in retaliation for his positions on various issues, including advocating for judicial performance evaluations. Complaint, p. 2.

Defendant Balmer is the Chief Justice of the Oregon Supreme Court, relatively new to this position beginning May 1, 2012. Although the Complaint is difficult to comprehend, there can be no dispute that plaintiff alleges very few allegations pertaining to defendant Balmer. The Complaint states: "[t]he Chief Supreme Court Justice of Oregon has put a police detail to monitor the movements of Paulson for reasons unknown to Paulson, but formally documented by Paulson." Id. In the following paragraph, however, there is a reference to former Chief Justice Wallace Carson, so it is unclear whether this allegation pertains to defendant Balmer or former Chief Justice Carson. Defense counsel represents that in a telephone conversation with plaintiff, plaintiff stated that the action occurred when "Paul DeMuniz was

Page 2 - OPINION AND ORDER

Chief Justice." Def's. Memo, p. 5, n.4. Therefore, presumably this allegation is not directed at defendant Balmer, but to a prior Chief Justice. Plaintiff also alleges that "the leadership of the Oregon State Bar secretly meets with the Chief Justice of the Oregon Supreme court on lawyer disciplinary matters on pending Oregon lawyer disciplinary cases." Complaint, p. 20. Plaintiff fails, however, to specify any act by defendant Balmer. The Complaint contains no other allegations against Balmer.

### STANDARDS

Under Fed. R. Civ. P. 12(b)(6), once a claim has been stated adequately, it may be supported by "showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). See also, Litchfield v. Spielberg, 736 F.2d 1352, 1357 (9th Cir. 1984), cert. denied, 470 U.S. 1052 (1985). The complaint must allege, however, "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiffs, and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983).

However, bare assertions that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009). Rather, to state a plausible claim for

relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. <u>Starr v. Bacca</u>, 652 F.3d 1202, 1216, <u>reh'g en banc denied</u>, 659 F.3d 850 (9th Cir. 2011).

<u>DISCUSSION</u>

Generally, a judge acting in his or her judicial capacity is entitled to absolute immunity from claims. <u>Pierson v. Ray</u>, 386 U.S. 547, 554-55 (1967), overruled on other grounds; and <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982).  Judicial immunity ensures that a judge is "free to act upon his own convictions, without apprehension of personal consequences to himself . . . . even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." <u>Stump v. Sparkman</u>, 435 U.S. 349, 355-56 (1978) (internal quotation omitted).  The quality of a judicial act is irrelevant to the determination of immunity.  "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." <u>Stump</u>, 435 U.S. at 359.  Judicial immunity applies however erroneous the act may have been and however injurious the consequences. <u>Ashelman v. Pope</u>, 793 F.2d 1072 (9th Cir. 1986).  An act is considered judicial if it is a normal judicial function, occurred in chambers or the courtroom, concerned a case then pending before the judge, and arose out of a confrontation with the judge

Page 4 - OPINION AND ORDER

in his or her official capacity.  Id. at 1075-76.

As noted above, the Complaint is virtually devoid of allegations against defendant Balmer.  Plaintiff appears to concede that his allegation that a "Chief Justice" put a police detail on plaintiff to monitor his movements was actually a previous Chief Justice, not Balmer.  Regarding plaintiff's allegation that a "Chief Justice," met "secretly" with the leadership of the Oregon State Bar, it is unclear whether plaintiff refers to former Chief Justices Carson, DeMuniz, or current Chief Justice Balmer.  Regardless, there is no factual detail provided with this general allegation, no substance as to what occurred in these alleged "secret" meetings, and therefore the allegation provides no elements for any claim for relief.  I find that defendant Balmer is immune from the claims in this action and is therefore dismissed.

Similarly, any state claim alleged against defendant Balmer is barred by Eleventh Amendment immunity.  Plaintiff appears to sue the Chief Justice asserting violations of Article I, sections 10, 11 and 17 of the Oregon Constitution.  Nothing in those statues express a waiver to permit suit in federal court for their enforcement against the State; nor is this allowed by common law.  Therefore, the Eleventh Amendment bars plaintiff's state law claims against defendant Balmer.

Finally, regarding plaintiff's allegation that this is a

"Class Action," plaintiff does not dispute that the <u>Rooker-Feldman</u> doctrine bars any suit plaintiff would bring as an individual. <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415-16 (1923); <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 483 n.16 (1983)(federal courts other than the Supreme Court lack jurisdiction to correct state court judgments; federal courts also lack jurisdiction to review constitutional claims under 42 U.S.C. § 1983 that are inextricably intertwined with state court decisions). Plaintiff instead asserts that <u>Rooker-Feldman</u> does not bar the class action component of this lawsuit. Plaintiff describes the class claim as follows: "[t]his legal proceeding seeks to rectify the wrongs visited on literally thousands of lawyers in Oregon over the last thirty (30) years due to blatant and widespread prosecutorial misconduct to which these Defendants have alternatively, actively, installed, enabled, facilitated or turned a false blind eye." Complaint, p. 4. Essentially, plaintiff alleges that the Oregon State Bar engaged in unconstitutional actions. Therefore, regarding any potentially qualifying class member, this case presents a collateral attack on a state court judgment entered prior to the filing of the suit at bar. Plaintiff seeks damages for the "denial of an ability to earn a living." Complaint, p. 26. This is a review of the underlying disciplinary action and is a <u>Rooker-Feldman</u> violation. Plaintiff was denied appointed counsel

Page 6 - OPINION AND ORDER

by the Court.  See docket #20.  Plaintiff remains the only

"class" representative of record.  As a non-lawyer, plaintiff may

not represent others in a class action.  See Gurule v. Hanlin,

2011 WL 6071659, *1 (D. Or. Dec. 5, 2011); McShane v. United

States, 366 F.2d 286, 288 (9th Cir. 1966).  As stated above,

plaintiff's personal claim for relief is barred by Rooker-

Feldman, therefore any class fails because plaintiff cannot

represent the class.  Lierboe v. State Farm Mut. Auto. Ins. Co.,

350 F.3d 1018, 1022 (9th Cir. 2003).

CONCLUSION

Defendant Balmer's motion to dismiss (doc. 17) is granted

and defendant Balmer is dismissed from this lawsuit.  Plaintiff's

motion to reconsider this court's denial to appoint a visiting

judge for this lawsuit (doc. 21) is denied.

IT IS SO ORDERED.

Dated this 3RD day of May 2013.


_____
            Ann Aiken
United States District Judge


Page 7 - OPINION AND ORDER