IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAUREN PAULSON,

        Plaintiff,

   vs.

OREGON STATE BAR, SUPREME COURT OF
OREGON CHIEF JUSTICE THOMAS BALMER,
and JEFF SHAPIRO,

        Defendants.

No. 6:13-cv-175-AA
OPINION AND ORDER

---

Lauren Paulson
PO Box 2236
Newport, Oregon 97365
    Plaintiff Pro Se

Thomas W. Brown
Robert E. Barton
Cosgrave Vergeer Kester LLP
888 SW Fifth Ave, Suite 500
Portland, Oregon 97204
    Attorneys for defendants Oregon State Bar and Jeff Sapiro

AIKEN, Chief Judge:

Page 1 - OPINION AND ORDER

Defendants Oregon State Bar ("OSB") and Jeff Sapiro (together "defendants") filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). That motion is granted and this lawsuit is dismissed.

## BACKGROUND

Plaintiff was disbarred by the Oregon Supreme Court nearly four years ago on November 2, 2009. See http://www.osbar.org/members/membersearch_display.asp?b=732329.; and In re Paulson, 346 Or. 676, 678, 216 P.3d 859 (2009). Plaintiff argues that his disbarment was in retaliation for his positions on various issues, including advocating for judicial performance evaluations. Complaint, p. 2. Plaintiff alleges that defendants have violated his rights as well as the rights of all attorneys that have been subject to OSB disciplinary proceedings from 1980 to the present, under the Oregon and U.S. Constitutions. Specifically, plaintiff alleges violations of the right to due process, equal protection, freedom of speech, assistance of counsel, speedy trial, confrontation of witnesses, trial by jury, and freedom from bills of attainder under the U.S. Constitution and violations of the right to trial by jury, assistance of counsel, remedy by due course of law, and confrontation of witnesses under the Oregon Constitution.

## STANDARDS

Under Fed. R. Civ. P. 12(b)(6), once a claim has been stated

adequately, it may be supported by "showing any set of facts consistent with the allegations in the complaint." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). <u>See also</u>, <u>Litchfield v. Spielberg</u>, 736 F.2d 1352, 1357 (9th Cir. 1984), <u>cert</u>. <u>denied</u>, 470 U.S. 1052 (1985). The complaint must allege, however, "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiffs, and its allegations are taken as true. <u>Rosen v. Walters</u>, 719 F.2d 1422, 1424 (9th Cir. 1983).

However, bare assertions that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 681 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. <u>Starr v. Bacca</u>, 652 F.3d 1202, 1216, <u>reh'g en banc denied</u>, 659 F.3d 850 (9th Cir. 2011).

Complaints filed by pro se litigants are generally construed liberally and pleadings by pro se litigants are held to less stringent standards than pleadings drafted by lawyers. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007)(internal quotations omitted). Although if a pro se plaintiff fails to allege a cognizable legal theory or sufficient facts under a cognizable legal theory,

Page 3 - OPINION AND ORDER

dismissal is proper under Rule 12(b)(6). Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). Further, courts may decline to liberally construe pleadings drafted by pro se plaintiffs that are attorneys. Smith v. Plati, 258 F.3d 1167, 1174 (10th Cir. 2001), cert. den., 537 U.S. 823 (2002); Olivares v. Martin, 555 F.2d 1192, 1194 n.1 (5th Cir. 1977)(same); and Rhodes v. Placer County, 2011 WL 1302316 (E.D. Cal. Mar. 31, 2011) (same).

DISCUSSION

The court first notes that defendants' motion to dismiss was filed on April 5, 2013, and no response has been filed by plaintiff to date, nearly two months later.

Eleventh Amendment Immunity

All claims alleged against OSB are barred by Eleventh Amendment immunity. The Eleventh Amendment bars citizens from suing states in federal court for money damages or declaratory relief absent waiver by the state or abrogation by Congress. Cory v. White, 457 U.S. 85, 90-91 (1982). OSB is an instrumentality of the State of Oregon. See Or. Rev. Stat. 9.010(2)(describing OSB as an "instrumentality of the Judicial Department of the government of the State of Oregon[.]"). I find no evidence or authority that OSB has waived its immunity, nor has Congress abrogated that authority under the circumstances alleged by plaintiff. Therefore, OSB is entitled to immunity

under the Eleventh Amendment and all of plaintiff's claims against OSB are dismissed.

Similarly, OSB's officer, defendant Sapiro, is immune from plaintiff's claims for monetary damages under the Eleventh Amendment for acts in his official capacity. A state official is immune from suits for damages under the Eleventh Amendment absent waiver or congressional abrogation. Krainski v. Nevada, 616 F.3d 963, 968 (9th Cir. 2010). The only exception is "when the relief sought is prospective in nature and is based on an ongoing violation of the plaintiff's federal constitutional or statutory rights." Id. (internal quotation omitted).

Plaintiff alleges that Sapiro committed constitutional violations in his official capacity as OSB's prosecutor and seeks, in part, monetary damages against Sapiro for those alleged violations. Comp. at 10-11, 19. Plaintiff does not seek prospective relief for himself, although he does seek prospective injunctive relief for others.[1] Comp. at 25-26. Therefore, plaintiff's official capacity claims against Sapiro is barred by Eleventh Amendment immunity.

Quasi-Judicial Immunity

Plaintiff alleges claims against Sapiro in his individual capacity. All of plaintiff's individual capacity allegations

---

[1] Plaintiff's entitlement to prospective relief for others will be discussed below.

Page 5 - OPINION AND ORDER

involve conduct allegedly carried out by Sapiro as an OSB prosecutor. Comp. at 11-24. State bar prosecutors "are entitled to quasi-judicial immunity so long as they perform functions similar to judges and prosecutors in a setting like that of a court." Hirsh v. Justices of Supreme Court of Cal., 67 F.3d 708, 715 (9th Cir. 1995). Therefore, Sapiro is entitled to quasi-judicial immunity and plaintiff's individual capacity claims against Sapiro are dismissed.

Section 1983 Claims

State or government entities that are considered arms of the State for Eleventh Amendment purposes are not "persons" under § 1983. Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997). As noted above, the OSB is a public corporation and an "instrumentality of the Judicial Department of the government of the State of Oregon[.]" Or. Rev. Stat. 9.010(2); Clark v. State of Washington, 366 F.2d 678, 681 (9th Cir. 1966)(bar association an agency of the state and therefore not a person within meaning of § 1983). Therefore, OSB is not a "person" subject to suit under § 1983, and those claims are dismissed.

Plaintiff's § 1983 claims brought against Sapiro are time barred. Claims based on federal constitutional violations under § 1983 are subject to the applicable state statute of limitations period. Wilson v. Garcia, 471 U.S. 261 (1985). Oregon's two

Page 6 - OPINION AND ORDER

year statute of limitations period applies here. <u>Sain v. City of Bend</u>, 309 F.3d 1134, 1139 (9th Cir. 2002). A § 1983 claim accrues when "plaintiffs know or have reason to know of the injury that is the basis of their action." <u>RK Ventures, Inc. v. City of Seattle</u>, 307 F.3d 1045, 1058 (9th Cir. 2002).

Here, the Oregon Supreme Court affirmed plaintiff's disbarment in 2009. <u>In re Paulson</u>, 346 Or. 676, 216 P.3d 859 (2009). All of the disciplinary action implicated in the complaint occurred before that decision. Plaintiff filed the complaint at bar in 2013. Therefore, the violations alleged by plaintiff occurred well outside of the applicable two year statute of limitations period. Plaintiff's action is untimely, therefore, plaintiff's claims against OSB and Sapiro are dismissed based on statute of limitations grounds.

<u>Claims under the Oregon Constitution</u>

No private right of action exists for violations of the Oregon Constitution. <u>Hunter v. City of Eugene</u>, 309 Or. 298, 304, 787 P.2d 881 (1990). Further, violations of state constitutional provisions are not cognizable under 42 U.S.C. § 1983. <u>Moreland v. Las Vegas Metro. Police Dept.</u>, 159 F.3d 365, 371 (9th Cir. 1998)("state law violations do not, on their own, give rise to liability under section 1983")(citation omitted). Plaintiff's claims raised directly under the Oregon constitution are therefore dismissed. Comp. at 14, 17, 22-23.

Class Action Allegations

Finally, regarding plaintiff's allegation that this is a "Class Action," plaintiff does not dispute that the <u>Rooker-Feldman</u> doctrine bars any suit plaintiff would bring as an individual. <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415-16 (1923); <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 483 n.16 (1983)(federal courts other than the Supreme Court lack jurisdiction to correct state court judgments; federal courts also lack jurisdiction to review constitutional claims under 42 U.S.C. § 1983 that are inextricably intertwined with state court decisions). Plaintiff instead asserts that <u>Rooker-Feldman</u> does not bar the class action component of this lawsuit. Plaintiff describes the class claim as follows: "[t]his legal proceeding seeks to rectify the wrongs visited on literally thousands of lawyers in Oregon over the last thirty (30) years due to blatant and widespread prosecutorial misconduct to which these Defendants have alternatively, actively, installed, enabled, facilitated or turned a false blind eye." Complaint, p. 4. Essentially, plaintiff alleges that the Oregon State Bar engaged in unconstitutional actions. Therefore, regarding any potentially qualifying class member, this case presents a collateral attack on a state court judgment entered prior to the filing of the suit at bar. Plaintiff seeks damages for the "denial of an ability to earn a living." Complaint, p. 26. This

Page 8 - OPINION AND ORDER

is a review of the underlying disciplinary action and is a Rooker-Feldman violation. Plaintiff was denied appointed counsel by the Court. See docket #20. Plaintiff remains the only "class" representative of record. As a non-lawyer, plaintiff may not represent others in a class action. See Gurule v. Hanlin, 2011 WL 6071659, *1 (D. Or. Dec. 5, 2011); McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966). As stated above, plaintiff's personal claim for relief is barred by Rooker-Feldman, therefore any class fails because plaintiff cannot represent the class. Lierboe v. State Farm Mut. Auto. Ins. Co., 350 F.3d 1018, 1022 (9th Cir. 2003).

For the reasons stated above, plaintiff's individual claims are dismissed and therefore plaintiff's class action allegations are stricken. Lierboe v. State Farm Mut. Auto. Ins. Co., 350 F.3d 1018, 1022 (9th Cir. 2003)(instructing district court to dismiss class action upon determination that representative plaintiff had no cognizable claim for relief).

CONCLUSION

Defendants' motion to dismiss (doc. 27) is granted and this lawsuit is dismissed. All pending motions are denied as moot.

IT IS SO ORDERED.

Dated this 4th day of June 2013.

_____
Ann Aiken
United States District Judge

Page 10 - OPINION AND ORDER